# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAYVONNE LEE,<br><br>        Plaintiff,<br><br>-against-<br><br>NOCTURNAL TOWING COMPANY, INC., MILLENNIUM CAPITAL AND RECOVERY CORPORATION and AMERICAN HONDA FINANCE CORPORATION, d/b/a HONDA FINANCIAL SERVICES,<br><br>        Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff JAYVONNE LEE (hereinafter, "Plaintiff"), a New York resident, brings this Complaint by and through the undersigned attorneys, Marcus & Zelman, LLC, against Defendants NOCTURNAL TOWING COMPANY, INC., MILLENNIUM CAPITAL AND RECOVERY CORPORATION and AMERICAN HONDA FINANCE CORPORATION, d/b/a HONDA FINANCIAL SERVICES, (hereinafter "Defendants").

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3. Plaintiff brings this action after the Defendants illegally attempted to repossess his vehicle while breaching the peace, in violation of the NY UCC. Plaintiff also brings a claim against Defendants Nocturnal and Millennium for illegally repossessing his vehicle in violation of

1

the Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692.

4. Plaintiff is seeking statutory damages and actual damages, as well as attorneys fees and costs.

## **PARTIES**

5. Plaintiff is a natural person and a resident of Brooklyn, New York and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

6. Defendant Nocturnal Towing Company, Inc., (hereinafter referred to as "Nocturnal" or "Defendant"), is a repossession company, with its principal place of business in East Setauket, New York.

7. Upon information and belief, Defendant Nocturnal is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

8. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Nocturnal is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

9. Defendant Millennium Capital and Recovery Corporation (hereinafter referred to as "Millennium"), is a corporation that specializes in nationwide recovery management, skip tracing and impound services on behalf of lenders and creditors, with its headquarters in Hudson, Ohio.

10. Upon information and belief, Defendant Millennium is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the enforcement of security interests, namely the repossession of vehicles by lenders.

11. For purposes of Plaintiff's claim under 15 U.S.C. § 1692f(6), Defendant Millennium is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

12. Defendant American Honda Finance Corporation ("Honda") is a corporation headquartered in Torrance, California, which does business as Honda Financial Services

**ALLEGATIONS OF FACT**

13. Plaintiff repeats, reiterates and incorporates the allegations contained in the above paragraphs with the same force and effect as if the same were set forth at length herein.

14. The Plaintiff owns a 2021 Honda Pilot, which was financed with a loan through Honda.

15. The Plaintiff purchased and used the Honda Pilot for his personal use and enjoyment.

16. The Honda loan is a 'debt' as defined by 15 U.S.C. § 1692a(5).

17. Sometime prior to December 17, 2023, the Plaintiff fell behind on his obligations to Honda after having mechanical issues with the vehicle.

18. As a result, Honda contracted with Millennium to repossess the Plaintiff's vehicle.

19. Upon information and belief, Millennium does not perform any repossessions itself in New York, but contracts with repossession companies in all 50 states to carry out the actual repossessions, a fact which was known to Honda.

20. Upon information and belief, after being contracted by Honda to repossess the Plaintiff's vehicle, Millennium arranged for Nocturnal to carry out the actual repossession.

21. At approximately 4:30 a.m. on December 17, 2023, the Plaintiff heard loud banging on his front door, causing his grandmother to tell him to go check out the sound.

22. Upon opening the front door, the Plaintiff was confronted by the Defendants' repo agents, who advised the Plaintiff that they had his car in their possession and there was nothing he could do about it and that he had to give them the keys.

23. The Plaintiff then went outside to look at his car, and saw the Defendants' repo tow truck in the street, but not attached to his vehicle.

24. As the Plaintiff walked towards his vehicle, one of the Defendants' repo agents used his body to physically block and push the Plaintiff from accessing the driver's side of his vehicle.

25. The Plaintiff then walked around to the passenger side of his vehicle to access it that way, but the Defendants' repo agent once again blocked and pushed him from accessing that side of the vehicle as well.

26. The Plaintiff then managed to access the passenger side of the vehicle, and jumped inside, in order to prevent the Defendants' repo agents from taking the vehicle.

27. The Plaintiff then advised the Defendants' repo agents to leave and that they could not take his vehicle.

28. One of those repo agents then climbed into the driver's seat, ignoring Plaintiff's continuing verbal and physical objections to the repossession and efforts to stop the repossession.

29. The police then arrived, and the police officers instructed the Plaintiff to exit his vehicle so the Defendants could repossess it.

30. After the Plaintiff refused to do so, the police officers again demanded that he exit the vehicle, to which the Plaintiff again refused, telling the police officer to call his supervisor.

31. The police supervisor similarly directed the Plaintiff to exit the vehicle, which he refused to do, advising them that this was a civil matter and police are not permitted to assist in a repossession in such a manner.

32. The police then waited for several hours until the NYPD legal team opened up at 7:00 a.m., at which time the legal team confirmed that the Defendants had to leave the Plaintiff's vehicle and could not repossess it.

33. During this tense multi-hour standoff, the Plaintiff and Defendants' repo agent were stuck

in the Plaintiff's vehicle, with the repo agent refusing to desist from his repossession efforts and to leave the vehicle alone.

34. Ultimately, the Defendants' repo agents were forced to abandon their repossession efforts that day, once the NYPD confirmed that the repossession could not proceed at that point.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692f *et seq.***
**(Against Nocturnal and Millennium)**

35. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Plaintiff brings this Count against Defendants Nocturnal and Millennium.

37. Section 1692f of the FDCPA prohibits debt collectors from using any unfair or unconscionable means to collect or attempt to collect any debt.

38. Section 1692f(6) of the FDCPA specifically prohibits debt collectors from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if:

    (A)  there is no present right to possession of the property claimed as collateral through an enforceable security interest; or

    (C)  the property is exempt by law from such dispossession or disablement.

39. At the time of the repossession, the Defendants did not have a present right to possession of the Plaintiff's vehicle, and the property was clearly exempt by law from repossession.

40. Defendants breached the peace by continuing with the repossession even in the face of Plaintiff's oral and physical objections to the repossession, by attempting to overcome the Plaintiff's objections with physical violence and by continuing with their repossession

5

efforts long after it became clear that the Plaintiff was not going to physically let the Defendants take the vehicle.

41. Under New York law, a secured creditor may only engage in a non-judicial repossession if it can be accomplished without a breach of the peace.

42. As a result, once the Defendants breached the peace, the Defendants did not have the present right to possession of the Plaintiff's vehicle and were prohibited from repossessing it.

43. Moreover, after breaching the peace, Plaintiff's vehicle was clearly exempt from repossession or disablement.

44. As a result, the Defendants violated 15 USC § 1692f(6) when they attempted to repossess the Plaintiff's vehicle on December 17, 2023.

45. By attempting to illegally repossess the Plaintiff's vehicle in violation of the FDCPA, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in placing the Plaintiff at risk of physical danger and in fear for his life, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

46. Defendants' illegal activity also deprived the Plaintiff of the use of his vehicle, and harmed the Plaintiff by causing him to suffer anger, anxiety, fear, emotional distress, frustration and embarrassment.

47. By reason thereof, Defendants Nocturnal and Millennium are liable to the Plaintiff for judgment that Defendants' conduct violated 15 USC §1692f, statutory damages, actual damages, costs and attorneys' fees.

## COUNT II

**UNLAWFUL REPOSSESSION**
**NY UCC, § 9-609** *et seq.*
**(Against All Defendants)**

48. The Plaintiff repeats and re alleges the preceding paragraphs of this Complaint and incorporates the same herein.

49. New York only permits self-help repossession of consumer motor vehicles only after default, and only where possession can be obtained without breach of the peace. N.Y. U.C.C. Law § 9-609.

50. Defendants breached the peace by continuing with the repossession even in the face of Plaintiff's oral and physical objections to the repossession, by attempting to overcome the Plaintiff's objections with physical violence and by continuing with their repossession efforts long after it became clear that the Plaintiff was not going to physically let the Defendants take the vehicle.

51. By attempting to illegally repossess the Plaintiff's vehicle in violation of the UCC, Defendants harmed the Plaintiff, in subjecting the Plaintiff to improper and deceptive collection activity, in violation of the Plaintiff's statutorily created rights to be free from such a debt collector's inappropriate attempts to collect a debt, in placing the Plaintiff at risk of physical danger and in fear for his life, and from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.

52. Defendants' illegal activity also deprived the Plaintiff of the use of his vehicle, and harmed the Plaintiff by causing him to suffer anger, anxiety, emotional distress, fear, frustration and embarrassment.

## DEMAND FOR TRIAL BY JURY

53. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a) awarding Plaintiff her actual damages incurred,;

(b) awarding the Plaintiff statutory damages, along with the attorneys' fees and expenses incurred in bringing this action;

(c) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 5, 2024
/s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*