# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAYVONNE LEE,<br><br>    Plaintiff,<br><br>v.<br><br>NOCTURNAL TOWING COMPANY, INC., MILLENNIUM CAPITAL AND RECOVERY CORPORATION and AMERIAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES,<br><br>    Defendants. | Civil Action No.<br>1:24-cv-4709-RML<br><br>**CIVIL ACTION** |

### ANSWER OF AMERICAN HONDA FINANCE CORPORATION
### TO PLAINTIFF'S COMPLAINT AND SEPARATE DEFENSES

Defendant, American Honda Finance Corporation ("AHFC"), having a principal place of business in, Torrance, California, by its attorneys, Greenbaum, Rowe, Smith & Davis LLP, answering the Complaint of plaintiff, says:

### AS TO JURISDICTION AND VENUE

1. AHFC states that paragraph 1 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 1 of plaintiff's Complaint.

2. AHFC states that paragraph 2 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 2 of plaintiff's Complaint.

## AS TO NATURE OF THE CAUSE OF ACTION

3. AHFC states that paragraph 3 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies all allegations that may pertain to it. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 3 of plaintiff's Complaint.

4. AHFC states that paragraph 4 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 4 of plaintiff's Complaint.

## AS TO PARTIES

5. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 5 of plaintiff's Complaint.

6. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 6 of plaintiff's Complaint.

7. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 7 of plaintiff's Complaint.

8. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 8 of plaintiff's Complaint.

9. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 9 of plaintiff's Complaint.

10. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 10 of plaintiff's Complaint.

11. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 11 of plaintiff's Complaint.

12. AHFC states it is a corporation with its principal place of business in Torrance, California, and that it does business as Honda Financial Services. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 12 of plaintiff's Complaint.

## AS TO THE ALLEGATIONS OF FACT

13. AHFC repeats its responses to all preceding allegations as if set forth fully herein.

14. AHFC admits that it is the assignee of the rights of Paragon Honda in connection with a Retail Installment Contract entered into by Jayvonne Pertel Lee on or about August 15, 2022 (the "RIC"), with respect to the purchase of a used 2021 Honda Pilot with VIN 5FNYF6H51MB082459 (the "Vehicle"). AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 14 of plaintiff's Complaint.

15. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 15 of plaintiff's Complaint.

9252124.1

16. AHFC states that paragraph 16 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 16 of plaintiff's Complaint.

17. AHFC admits that plaintiff was in default of his obligations under the RIC. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegation that the Vehicle exhibited "mechanical issues" or any other remaining in paragraph 17 of plaintiff's Complaint.

18. AHFC admits that it has a contractual relationship with Millennium Capital and Recovery Corporation ("Millennium") and that Millennium was retained by Honda in connection with the repossession of the Vehicle. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 18 of plaintiff's Complaint.

19. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 19 of plaintiff's Complaint.

20. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 20 of plaintiff's Complaint.

21. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 21 of plaintiff's Complaint.

22. AHFC denies the allegations contained in paragraph 22 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 22 of plaintiff's Complaint.

9252124.1

23. AHFC denies the allegations contained in paragraph 23 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 23 of plaintiff's Complaint.

24. AHFC denies the allegations contained in paragraph 24 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 24 of plaintiff's Complaint.

25. AHFC denies the allegations contained in paragraph 25 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 25 of plaintiff's Complaint.

26. AHFC denies the allegations contained in paragraph 26 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 26 of plaintiff's Complaint.

27. AHFC denies the allegations contained in paragraph 27 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 27 of plaintiff's Complaint.

28. AHFC denies the allegations contained in paragraph 28 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form

9252124.1

a belief as to the truth of the remaining allegations contained in paragraph 28 of plaintiff's Complaint.

29. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's Complaint.

30. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's Complaint.

31. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiff's Complaint.

32. AHFC denies the allegations contained in paragraph 32 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 32 of plaintiff's Complaint.

33. AHFC denies the allegations contained in paragraph 33 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 33 of plaintiff's Complaint.

34. AHFC denies the allegations contained in paragraph 34 of plaintiff's Complaint that may pertain to is. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the remaining allegations contained in paragraph 34 of plaintiff's Complaint.

9252124.1

## AS TO COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692f *et seq.*
## (Against Nocturnal and Millennium)

35. AHFC repeats its responses to all preceding allegations as if set forth fully herein.

36. AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 36 of plaintiff's Complaint.

37. AHFC states that paragraph 37 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 37 of plaintiff's Complaint.

38. AHFC states that paragraph 38 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 38 of plaintiff's Complaint.

39. AHFC denies the allegations contained in paragraph 39 of plaintiff's Complaint.

40. AHFC states that paragraph 40 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 40 of plaintiff's Complaint.

41. AHFC states that paragraph 41 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 41 of plaintiff's Complaint.

9252124.1

42. AHFC states that paragraph 42 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 42 of plaintiff's Complaint.

43. AHFC states that paragraph 43 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 43 of plaintiff's Complaint.

44. AHFC states that paragraph 44 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 44 of plaintiff's Complaint.

45. AHFC states that paragraph 45 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 45 of plaintiff's Complaint.

46. AHFC states that paragraph 46 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 46 of plaintiff's Complaint.

47. AHFC states that paragraph 47 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 47 of plaintiff's Complaint.

**WHEREFORE**, American Honda Finance Corporation demands judgment of no cause of action against plaintiff, Jayvonne Lee, together with costs, disbursements and attorneys' fees in the full amount provided by the law.

## AS TO COUNT II

## UNLAWFUL REPOSSESSION
## NY UCC §9-609 *et seq.*
## (Against All Defendants)

48. AHFC repeats its responses to all preceding allegations as if set forth fully herein.

49. AHFC states that paragraph 49 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC is without knowledge or information sufficient to permit it to form a belief as to the truth of the allegations contained in paragraph 49 of plaintiff's Complaint.

50. AHFC states that paragraph 50 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 50 of plaintiff's Complaint.

51. AHFC states that paragraph 51 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 51 of plaintiff's Complaint.

52. AHFC states that paragraph 52 of plaintiff's Complaint contains legal conclusions to which no response is required. To the extent that the Court deems a response to be required, AHFC denies the allegations contained in paragraph 52 of plaintiff's Complaint.

**WHEREFORE**, American Honda Finance Corporation demands judgment of no cause of action against plaintiff, Jayvonne Lee, together with costs, disbursements and attorneys' fees in the full amount provided by the law.

9252124.1

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff failed to exercise due and proper care under the existing circumstances and conditions and any damages are the result of acts or omissions of plaintiff.

### THIRD SEPARATE DEFENSE

Plaintiff's damages are the result of conduct by other parties and/or non-parties over which AHFC exercised no control.

### FOURTH SEPARATE DEFENSE

The claims against AHFC are barred by the doctrine of laches.

### FIFTH SEPARATE DEFENSE

If AHFC furnished information related to plaintiff, that information was true or substantially true.

### SIXTH SEPARATE DEFENSE

AHFC followed reasonable procedures with respect to handling inquiries from or related to plaintiff.

### SEVENTH SEPARATE DEFENSE

The claims against AHFC are barred by the doctrine of estoppel.

### EIGHTH SEPARATE DEFENSE

The claims against AHFC are barred by the applicable statute of limitations.

### NINTH SEPARATE DEFENSE

Plaintiff has suffered no damages.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred due to a failure to mitigate damage, if any.

### ELEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred due to an agreement to arbitrate.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims are barred by reason of mistake, fraud or inequitable conduct.

### THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTEENTH SEPARATE DEFENSE

Plaintiff's Complaint should be dismissed as a result of improper service of process.

### FIFTEENTH SEPARATE DEFENSE

Plaintiff's Complaint should be dismissed because he has failed to state a claim under the Fair Debt Collection Practices Act.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are pre-empted and/or barred as a matter of law.

### SEVENTEENTH SEPARATE DEFENSE

AHFC cannot fully anticipate all affirmative defenses that may be applicable to AHFC's action based upon the conclusory terms used in plaintiff's complaint. Accordingly, AHFC expressly reserves the right to assert additional defenses if, and to the extent that, such additional defenses become applicable.

9252124.1

                                                Respectfully submitted,

                                                **GREENBAUM, ROWE, SMITH & DAVIS LLP**
                                                260 Madison Avenue
                                                20th Floor
                                                New York, New York 10016
                                                (973) 535-1600 (phone)

                                                */s/ C. Brian Kornbrek*
                                                C. Brian Kornbrek

                                                *Attorneys for Defendant,*
DATED: August 1, 2024                     *American Honda Finance Corporation*

## CERTIFICATE OF SERVICE

I, C. BRIAN KORNBREK, hereby certify that on the date indicated below, the foregoing Answer of defendant, American Honda Finance Corporation ("AHFC"), was electronically filed with the Clerk for the United States District Court for the Eastern District of New York and served on all counsel of record via the ECF system.

                                                */s/ C. Brian Kornbrek*
                                                C. BRIAN KORNBREK

DATED: August 1, 2024